IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: MICHAEL E. McDUFFIE | § | |
|    Debtor | § | BANKRUPTCY CASE NO. |
| | § | 04-53411 NPO |
| | § | |
| | § | ADVERSARY PROCEEDING |
| | § | 05-05133 NPO |
| | § | |
| | § | ADVERSARY PROCEEDING |
| | § | 05-05183 NPO |
| MICHAEL E. MCDUFFIE | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:06CV1099LG-JMR |
| | § | |
| COUNTRYWIDE HOME LOANS, INC. | § | DEFENDANT |

**ORDER DENYING DEBTOR'S MOTION FOR LEAVE TO APPEAL**

THIS MATTER COMES BEFORE THE COURT for consideration of the Notice of Appeal from the Bankruptcy Court filed by debtor McDuffie on October 31, 2006.[1] This Court has appellate jurisdiction on appeals from the bankruptcy court pursuant to 28 U.S.C. 158(a):

> (a) The district court of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judge under Section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

McDuffie moves this Court to set aside the order, memorializing the parties positions and Court's rulings on certain discovery disputes, that was entered in the Bankruptcy Court on October 5, 2006. The Court construes the instant appeal as interlocutory in nature since it stems

---

[1] McDuffie attached a Motion for Leave to Appeal pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure as Exhibit 1 to the Notice of Appeal.

-1-

from a discovery order involving the parties. *See In re Dow Chemical Corp.*, 255 B.R. 540-541 (E.D.Mich. 2000); *In re Towers,* 164 B.R. 719, 721 (S.D.N.Y. 1994); *See In re Dow Chemical Corp.*, 255 B.R. 540-541 (E.D.Mich. 2000); *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405, n.16 (5th Cir. 1993). "An interlocutory order is one which constitutes only an initial step in the bankruptcy process and does not affect the disposition of the assets of the debtor." *Pileckas v. Marcucio* 156 B.R. 721, 723 (N.D.N.Y. 1993) *quoting In re Hooker Investments, Inc.,* 122 B.R. 659, 661-62 (S.D.N.Y. 1991), *appeal dismissed,* 937 F.2d 833 (2nd Cir. 1991).

A district court should grant leave to appeal an interlocutory order if: (a) the order involves a controlling question of law, (b) there is a substantial ground for difference of opinion, and (c) an immediate appeal would materially advance the ultimate termination of the litigation. *Matter of Ichinose,* 946 F.2d 1169, 1177 (5th Cir. 1991); 28 U.S.C. § 1292(b); 28 U.S.C. § 158(a). With regard to the instant appeal, the October 5th order reveals that it was signed and approved by the parties. The record before the Court further reveals that the parties were present at a hearing conducted on August 10, 2006, *see Ex. "A" att. to Appellee's Brief*, and agreed to resolution of the discovery disputes in the manner set forth in the October 5, 2006, order. With regard to the first two elements, the Court finds that McDuffie has not demonstrated that there is a controlling question of law over which there exists a substantial difference of opinion. Difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party. *See In re Harken,* No. Civ. A. 98-3820, 1999 WL 64955, at *2 (E.D.La. 1999). Additionally, McDuffie neither argues nor shows that allowing this interlocutory appeal will "materially advance the ultimate termination" of the bankruptcy case. After consideration of

the three criteria for interlocutory appeals under 28 U.S.C. § 1292, the Court finds that McDuffie has failed to establish that the Court should grant leave to pursue this appeal from the interlocutory order of the bankruptcy court.  *See In re O'Connor,* 258 F.3d 392, 399-400 (5th Cir.2001)(District courts given discretion to decide whether to grant or deny leave to appeal an interlocutory bankruptcy order.)  Accordingly,

**IT IS ORDERED AND ADJUDGED** that the Motion for Leave to of Appeal, attached as Exhibit 1, to the Notice of Appeal filed October 31, 2006, [1-1] should be and is hereby **DENIED** and this matter is **DISMISSED** with each party to bear their respective costs**.**

**IT IS FURTHER ORDERED AND ADJUDGED** that any pending motions are hereby rendered moot.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2007.

s/ *Louis Guirola, Jr.*  
LOUIS GUIROLA, JR.  
UNITED STATES DISTRICT JUDGE